## BERTHA LEITKOWSKI
### vs.
## TOWN OF NORWICH

Superior Court      New London County      File #12159

Present:  Hon. CARL FOSTER, Judge.

Brown & James,                 Attorneys for the Plaintiff.

Josiah Greenstein,             Attorney for the Defendant.

**MEMORANDUM FILED NOVEMBER 5, 1937.**

FOSTER, J. This is the case of Bertha Leitkowski, a young woman now sixteen years of age, against the Town, not the City, of Norwich, wherein she claims that on January 29th, 1936 she slipped and fell and fractured the tibia of her left leg on Elizabeth Street in said Town, by reason of the fact that the Town failed to perform its statutory duty to her in the maintenance of said highway.

The plaintiff had been attending a school on Elizabeth Street on that day, and at about 2:15 or 2:30 o'clock left the school with two girl companions for home.

Elizabeth Street runs southwesterly from the school and for the greatest part of the way has no sidewalks. There are numerous dwellings on the street, but the general character of the locus is suburban. The locus is well depicted in the photograph, Exhibit B. The girls came down the hill in the background of Exhibit B to a plateau, so-called, leading to another hill in the foreground. The plaintiff and her witnesses testify that they walked in the middle of the road, and that the entire pavement, with the exception of some small areas, was "glare ice". The plaintiff fell on the "plateau".

On January 19th there had been a fall of eight inches of snow. On January 22nd the temperature was 22 degrees at 7 A.M., 37 degrees at 12 M., and 36 degrees at 6 P.M. At all other times from January 19th to January 29th the tem-

perature was below the freezing point. On January 29th the temperature was minus 14 at 7 A.M., plus 26 at 12 M., and plus 14 at 6 P.M., and the weather was clear. After January 19th and before January 29th the Town had cleared this street of snow as appears on Exhibit B. On January 22nd the Second Selectman of the Town examined the street and found it reasonably safe for travel.

That there was ice in the highway there can be no doubt. Water undoubtedly flowed down from the sides of the street on January 22nd and froze on the succeeding cold days. Some snow fell, and there was some wind, on January 26th and January 27th.

The Town of Norwich has 100-120 miles of highways. During the year in question the Town appropriated $30,000. for maintenance of highways, and that winter spent $2,680.82 in removal of snow and ice. During the week that the plaintiff fell the Town spent $360.25 in the removal of snow and ice, using 29 men and 4 trucks in so doing. Under the constant travel that occurred on this street, conditions in the wrought part of the highway changed from day to day. The Town had no actual notice of any defect in the highway. If any defect existed, such defect had not existed for so long a time that, under the weather conditions that prevailed for ten days prior to January 29th, the Town can be held to have had constructive notice of any defect in the highway.

I find that the defendant Town used reasonable care to maintain Elizabeth Street, and particularly the section of Elizabeth Street here in question, reasonably safe for the reasonable use of travellers. The plaintiff has failed to prove by a fair preponderance of the evidence that her fall and consequent injuries were proximately caused by failure of the defendant Town to perform its statutory duty to her.

Judgment is rendered in favor of the defendant.