ALBERT STEIGER, INC.
vs.
CITY OF HARTFORD
(Appeal from Board of Relief)

Superior Court     Hartford County     File #53633

Present:   Hon. JOHN A. CORNELL, Judge.

Schatz & Schatz,          Attorneys for the Plaintiff.

Vincent W. Dennis;
Harold Borden,          Attorneys for the Defendant.

**MEMORANDUM FILED DECEMBER 13, 1937.**

CORNELL, J.   The "Statement of Issue" attached to the "Stipulation of Fact" is: "The sole issue that the parties seek an adjudication of is whether or not a taxpayer who has paid his taxes after the filing of an application for relief with the Superior Court may recover from the municipality the excess of taxes he has paid."

The action is not one seeking a declaratory judgment, but

if it were, in order that the court might justify answering the question posed, it would be compelled to ignore its abstract character. **Stueck vs. Murphy Co., 107 Conn. 656.** That aside, it may be perceived from the facts stated that the plaintiff having instituted an action praying for relief from a tax computed upon an assessment claimed to be manifestly excessive in accordance with **section 375c of the Cumulative Supplement to the General Statutes (1935),** and having, during the pendency of the cause "paid said taxes under protest in order to avoid the various penalties and consequences imposed by law for the nonpayment of taxes", claims that it is entitled to a rebate or refund equivalent to the difference between a tax laid on a valuation of $175,000 and $130,000.

The difficulty is, that the situation delineated by the stipulation, when read in the light of the pleadings, does not permit the court to make a decision such as the parties desire, or, in fact, any on what may be sensed to be the merits of the real controversy.

For, the complaint alleges, in effect, that the plaintiff made return of all the taxable property owned by it on July 1, 1935. It then proceeds to state that: "Said assessors valued said merchandise at $175,000," and that "The amount of **said** assessment was manifestly excessive, etc." Apparently, the "said assessment" was that made on "said merchandise". There is nothing revealed in the complaint as to whether such merchandise constituted the whole of plaintiff's taxable property as it appeared in its return, or if it did not, what the total of plaintiff's list was.

The situation is further complicated by the circumstance that the stipulation of facts is silent as concerns any excessive assessment on plaintiff's "merchandise". It says: "The assessors valued said **premises** at One Hundred, Seventy-five Thousand ($175,000) Dollars." There is nowhere in the pleadings any claim of an excessive assessment of realty owned by plaintiff. Accordingly, it would appear that while plaintiff contends that it was subjected to a manifestly excessive assessment because its "merchandise" was overvalued, the parties have by common consent chosen to ignore this, but agree that the "premises" owned by plaintiff were, nevertheless, excessively assessed.

The question whether the plaintiff is entitled to repayment in whole or in part of the taxes paid by it becomes academic

only, since it appears neither from the pleadings nor the stipulated facts that the plaintiff has any cause of action, at all. This is so because the most that can be gleaned from the record is that the complaint is predicated upon an excessive assessment of one item, only, of plaintiff's tax list, whether that be "merchandise" or "premises". It is nowhere alleged that the total assessment of all of plaintiff's taxable properties is "manifestly excessive", or even excessive.

The statute under which, apparently, this action is brought (**Cum. Supp. [1935] §375c**) provides a remedy against the payment of a tax in contradistinction to that provided by **section 374c of the Cumulative Supplement to the General Statutes (1935)**, which aims at rectifying a grievance based upon an excessive or disproportionate assessment, by appeal from a board of relief. **Conn. Light & Power Co. vs. Oxford, 101 Conn. 383, 389;** and see **Rocky Hill Incorporated District vs. Hartford Rayon Corporation, 122 Conn. 392, 405;** see, also, **Slosberg vs. Norwich, 115 Conn. 578.** Under its provisions, (aside from instances where property is not taxable in the town where it is assessed), relief may be given where the contested tax is the result of an assessment, manifestly excessive. The "assessment" to which the statute refers, can only be the total of all the taxable items in a person's list, since it is upon that only that a tax may be laid. While such a total may be made "manifestly excessive" because one item only is valued at a figure palpably higher than it should be, yet it does not follow that because a single item is so treated, that the "assessment" (i.e. the total of taxable items in the list) is, on that account, "manifestly excessive". For such a situation is still compatible with such "assessment's" being fair and proportionate; a result readily comprehensible when it is considered that the injustice produced by an excessive valuation of one species of property may be balanced by an undervaluation of another or others with the result that the total might be anything but "manifestly excessive".

Insofar as the record here discloses, plaintiff's claim is that a single item on its assessment list (whether that be "merchandise" or "premises") is claimed to be clearly overvalued. But, as noted supra, nothing appears to show that, notwithstanding, the assessment in its total may yet be one conforming to the statutory standard and hence, not "manifestly excessive" within the concept of the statute under which this action is brought. See **Greenwoods Company vs. New Hart-**

ford, 65 Conn. 461, 465. If the omissions mentioned supra are supplied on or before December 17, 1937, so that the question which the parties desire to have decided is then presented on the record, it may be re-submitted on or before that date; if not, the matter must needs await the attention of the next term of court.