[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an action to foreclose on municipal tax liens. The defendants Pine Valley Estates, Inc. and Reynaud Realty Corporation filed an appearance on March 13, 1990 and filed a Motion to Dismiss the plaintiff's entire action on the following grounds:
1. As to Counts 1, 2, 3, 4, 5, 6 and 7 on the grounds of lack of jurisdiction in that the liens upon which this action is filed were filed prior to the effective date ofPublic Act 85-396, which extended the term of the lease from ten (10) years to fifteen (15) years and no further certificate has been filed, therefore the liens have been discharged by operation of law as provided for under Connecticut General Statutes Section 12-175, and
2. As to Counts 14 through 45 on the grounds that at the commencement of this action there was and now is another action pending in the Superior Court of New London County between the same parties to contest the amount of the assessments subject of these counts and
3. As to Counts 11 through 17 on the grounds that the liens are for the list of October 1, 1979 but said liens were not filed within one year of the due date of the first installment, as provided for in Connecticut General Statutes Section 12-175.
A Motion to Dismiss tests whether, on the facts of the record, the court lacks jurisdiction. Upson v. State,190 Conn. 622, 624 (1983). A Motion to Dismiss admits all well pleaded facts, the complaint being construed most favorably to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227 (1983). Lack of jurisdiction, once raised, must be disposed of before the court can move any further in the cause. Castro v. Viera,207 Conn. 420, 429 (1988).
The three claims in the defendant's Motion to Dismiss CT Page 8252 will be discussed seriatim.
I. THE DEFENDANTS CLAIM THAT COUNTS 1, 2, 3, 4, 5, 6 AND 7 SHOULD BE DISMISSED BECAUSE OF LACK OF JURISDICTION BASED ON THE STATUTE OF LIMITATION CONTAINED IN SECTION 12-175.
The present cause of action with a return date of December 12, 1989 was filed with the court on November 14, 1989. The lis pendens that are subject to the cause of action were recorded on November 13, 1989 on the Land Records of the town of Voluntown. The defendant argues that Connecticut General Statutes Section 12-175 in effect prior to the enactment of Public Act 85-396 requires that the liens in Counts 1 through 7 be discharged since they were recorded more than ten (10) years prior to the commencement of the present action of foreclosure. It is not disputed that these liens had been filed more than ten (10) years prior to the commencement of the instant action but were filed within fifteen (15) years.
Section 12-175 in effect prior to the enactment ofPublic Act 85-396, provided in part as follows:
 . . . but any tax lien upon private property which has been recorded in the land records of any town for more than ten years shall be valid, and such property shall be free from the encumbrance of such lien, unless an action of foreclosure has been commenced during such period of ten years and a notice of lis pendens filed for record, and the town clerk shall, if no such notice has been filed, upon the request of any interest person, discharge such lien of record by noting on the margin of such record the words, "Discharged by operation of law."
The plaintiff argues that Public Act 85-396, which extended the period of time to commence a foreclosure of a tax lien from ten (10) years to fifteen (15) years, should be considered as retroactive. In support of that argument the plaintiff cites Jones v. Upjohn, 161 Conn. 191, 195 which provides in part as follows:
 The determination of whether a statute is retroactive presents a question of legislative intent, and where there is no specific provision to that effect, the CT Page 8253 question becomes one of presumed intent. Demarest v. Zoning Commission, 134 Conn. 572, 575, 59 A.2d 293. In this instance, section 49-39 is silent as to its retroactive applicability. Where that is the situation, the rule to be applied to determine whether it is prospective or retroactive, depends, in some measure, on whether it affects substantive or procedural matters.
 Section 49-39 makes no change in the substantive law and does not alter in any way any substantive rights of the plaintiff. Section 49-39 is in the nature of a statute of limitations which provides, in essence, that a claim arising out of a mechanic's lien shall not be enforceable in the courts after the lapse of a specified period of time. Such a statute is generally considered to be procedural especially where, as here, the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action.
In Bridgeport v. Debek, 210 Conn. 175 (189) the issue before the court was the effect of section 11f of the Bankruptcy Act and whether that section operated to toll the running of the ten (10) year statute of limitations. In Bridgeport the court stated in part as follows:
 . . . Under section 12-175, "any tax lien. . . recorded for more than ten years shall be invalid . . .unless an action of foreclosure has been commenced during such period of ten years. . . ." The defendants urge us to construe this language as manifesting the intention of our legislature to establish time constraints that operate as a condition on the enforcement of a substantive right, as a limitation on the underlying liability, rather as a statute of limitations that merely affects the applicable remedy. They claim that section 12-175 is analogous to other statutes whose time constraints we have construed as a limitation on the underlying liability, such as our mechanic's lien statute, General Statutes section 49-39; Diamond CT Page 8254 National Corporation v. Dwelle, 164 Conn. 540, 543, 325 A.2d 259 (1973); see Matter of Reardon, 10 B.R. 697, 700 (D.Conn. 1981); and our wrongful death statute, General Statutes section 52-555. Ecker v. West Hartford, 205 Conn. 219, 232, 530 A.2d 1056 (1987). . . .
 The defendants may well be right that, for some purposes, section 12-175 is so intimately connected with the statutory creation of municipal tax liens in General Statutes section 12-172 that the time limitations it contains should be construed as substantive limitations on the rights conferred rather than as procedural limitations on available remedies. If that is the appropriate characterization of the statute, then as "a limitation upon the right of action it must be strictly complied with." DeMartino v. Siemon, 90 Conn. 527, 529, 97 A. 765 (1916) (Emphasis provided).
The determination of whether a statute is retrospective presents a question of legislative intent, and where there is no specific provision to that effect, the question becomes one of presumed intent. The rule to be applied to determine whether a statute is prospective or retrospective, depends, in some measure, on whether it affects substantive or procedural matters. Jones Destruction Inc. v. Upjohn, 161 Conn. 191,195 (1971).
The general rule as to whether a statute of limitations is considered substantive on the one hand, or procedural on the other hand, is that where a statute gives a right of action that does not exist at common law and fixes the time within which the right must be enforced, the statute of limitations is considered substantive or jurisdictional, rather than procedural. Moore v. McNamara, 201 Conn. 16 (1986), L. G. DeFelice and Sons v. Wethersfield, 167 Conn. 509, 511 (1975), Orticelli v. Powers, 197 Conn. 9, 15 (1985).
The issue therefore before the court is whether Section 12-175 (1) creates a right of action, (2) that did not exist at common law, and (3) and fixes the time within which the right must be enforced.
It is undisputed that the right to foreclose a tax lien (Section 12-175) is a right that did not exist at common law. Further, 12-175 fixes a time within which the right to CT Page 8255 foreclose must be enforced. The third requirement in order for12-175 to be considered substantive is that it must create the right of action.
This court concludes that for reasons hereinafter stated Section 12-175 does not create the right of action that is being foreclosed.
Section 12-172 provides as follows:
 The interest of each person in each item of real estate, which has been legally set in his assessment list, shall be subject to a lien for that part of his taxes laid upon the valuation of such interest, as found in such list when finally completed, as such part may be increased by interest, fees and charges. Such lien, unless otherwise specially provided by law, shall exist from the first day of October or other assessment date of the municipality in the year previous to that in which such tax, or the first instalment thereof, became due until one year after such tax or first instalment thereof became due and, during its existence, shall take precedence of all transfers and encumbrances in any manner affecting such interest in such item, or any part of it. Such lien, during its existence, may be enforced by levy and sale of such real estate if such person has complete title thereto or of his interest in such real estate if he does not have complete title thereto. No sale of real estate for taxes or foreclosure of any lien shall divest the estate sold of any existing lien for other taxes. (Emphasis provided).
One of the earliest cases to discuss the interpretation of the predecessor to Section 12-172 was Hart v. Tiernan, 59 Conn. 521 (1890).
Hart involved an action to foreclose three tax liens in the respective amounts of $1.32, $3.96 and $1.98.
The Hart court stated in part as follows:
 The statute creates the lien, and it exists "from the first day of October, in CT Page 8256 the year previous to that in which said taxes became due, until one year after said taxes became due." General Statutes section 3890. It exists independently of any demand for payment of the tax or of any attempt to collect the tax, and even before it becomes due and payable. By the filing of a certificate under section 3896 of the General Statutes, within the first year after the tax becomes due, this lien is continued for five years thereafter. "This lien with its extension is a statutory creation; it stands quite apart from the matter of selling the land upon a tax warrant, and is not encumbered by any proviso as to the possession of other property. . . . (Emphasis provided)
In Bridgeport v. Equitable Title Mortgage Co.,106 Conn. 542 at 546-547 (1927) the court in discussing the three methods by which a municipality can collect taxes stated in part as follows:
 We do not understand the defendants to dispute that the statute provides three distinct and concomitant remedies or methods for the collection of taxes, viz., levy under Section 1295 of the General Statutes; tax lien under Section 1300, continuance of same under Section 1308, and foreclosure under Section 1302; and action, as for the. recovery of a debt, under Section 1313. Cromwell v. Savage, 85 Conn. 376, 377, 82 A. 972; Sperry v. Butler, 75 Conn. 369, 372, 53 A. 899; Albany Brewing Co. v. Meriden, 48 Conn. 243, 246. Neither can it be seriously questioned that these remedies are cumulative, subject to the condition provided in Section 1313, that a substantial recovery by action under that section or by enforcement of lien shall bar a recovery by any other remedy.
The right to collect taxes by levy under Section 1295 is now found in Section 12-155. The right to collect taxes by tax liens under Section 1300 is now found in Section 12-172, continuance of the same under Section 1308 is now found in Section 12-173, and foreclosure under Section 1302 is now found in 12-181. Lastly the right to collect taxes by action as for recovery of a debt under Section 1313 is now found in Section CT Page 825712-161. Finally Section 12-164 is a fifteen (15) year statute of limitations on the enforcement for payment of taxes against any person, persons or corporation against which they are respectively levied.
As stated in Bridgeport, supra, the predecessor to Section 12-181, namely Section 1302, is a remedy or method for the collection of taxes. The right to a tax lien is not granted under Section 12-175 but rather is found in Section 12-172. Where a statute contains only a limitation as to the time with respect to a right of action and does not itself create the right of action, the statute is considered to be procedural. Jones v. Upjohn, supra. This court therefore concludes that Section 12-175 is in the nature of a statute of limitations which provides in essence that a claim arising out of a tax lien shall not be enforced by foreclosure in the courts after the lapse of a specified period of time. Section 12-175 does not create the right of action to a tax lien. The right of action to a tax lien is created by Section 12-172. Since Section 12-175 contains only a limitation as to the time with respect to the right of action created by Section 12-172, and does not itself create the right of action, it is considered to be procedural.
Having concluded that Section 12-175 should be construed as a procedural limitation on available remedies rather than as a substantive limitation on rights conferred, this court therefore holds that the amendment to Section 12-175
(Public Act 85-396) that extended the period of time to commence foreclosure from ten (10) years to fifteen (15) years is to be applied retrospectively. Accordingly, the motion to dismiss Counts 1 through 7 is denied.
II. THE DEFENDANTS CLAIM THAT COUNTS 14 THROUGH 45 SHOULD BE DISMISSED ON THE GROUNDS THAT AT THE COMMENCEMENT OF THIS ACTION THERE WAS AND NOW IS ANOTHER ACTION PENDING IN THE SUPERIOR COURT OF NEW LONDON COUNTY BETWEEN THE SAME PARTIES TO CONTEST THE AMOUNT OF THE ASSESSMENTS SUBJECT TO THESE COUNTS.
In City of Hartford v. Faith Center, Inc., 196 Conn. 487,493 A.2d 883 (1985) the court held that a taxpayer could not raise a claim of unlawful assessment as a special defense in an action by the plaintiff city to collection taxes under Section 12-161 where that claim could have been redressed through appeal from the board of assessors or application to the court within the specified time limitations. It would follow from the rationale of that decision that the claim of the plaintiffs contesting the amount of the assessment that is pending in the CT Page 8258 Superior Court for the Judicial District of New London should be allowed to be concluded before the foreclosure action relating to Counts 14 through 45 is tried. Accordingly the court enters an order staying the action on Counts 14 through 45 until the pending suit contesting the amount of the assessment has gone to final judgment.
III. THE DEFENDANTS CLAIM THAT COUNTS 11 THROUGH 17 SHOULD BE DISMISSED ON THE GROUNDS THAT THE LIENS ARE FOR THE LIST OF OCTOBER 1, 1979 BUT SAID LIENS WERE NOT FILED WITHIN ONE YEAR OF THE DUE DATE OF THE FIRST INSTALLMENT, AS PROVIDED FOR IN CONNECTICUT GENERAL STATUTES SECTION 12-175.
Connecticut General Statutes Section 12-175 provides that:
 Each certificate authorized by the provision of this section shall be filed in the office of the town clerk of the town in which the real estate is situated within the first year after the first installment of the tax. . .
The plaintiff does not dispute the fact that the tax liens for the counts in question were not filed within the one-year period.
The plaintiff however relies upon the validating act that was passed in the 1989 General Assembly, Special Act #89-6. The court has reviewed that special act. Section (d) in part addresses the issue before the court in that that section provides in part as follows:
 No tax lien of which a certificate to continue has been recorded prior to the effective date of this act in accordance with the procedures and within the time provided by law . . . shall be deemed invalid. . .
In this case the certificate to continue the tax lien was not recorded within the time provided by law. Therefore the validated act in question which corrects a number of procedural mistakes that can take place where a certificate of continuing tax lien is filed within the time provided by law is not applicable to this action. Accordingly the motion to dismiss Counts 11 through 17 is granted. CT Page 8259
Axelrod, J.