[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The facts alleged in the complaint are as follows. CT Page 192
On November 23, 1987, the defendants, Bruce J. Kerzner ("Kerzner") and Kenneth S. Ginsberg ("Ginsberg"), executed a note in the sum of $90,000 payable to the plaintiff, Citicorp Mortgage, Inc. ("Citicorp"). The note was secured by a mortgage on real property known as 157 Bull Hill Lane, Unit #105, West Haven, Connecticut. Thereafter, the defendants made installment payments of principal and interest. However, the defendants' last payment was received by Citicorp on August 1, 1990.
As a result of the defendants' failure to make payments subsequent to August 1, 1990, Citicorp instituted the instant action on June 13, 1991 seeking a foreclosure on the property and a deficiency judgment against Kerzner and Ginsberg. On July 23, 1991, the defendant Kerzner, filed a motion to dismiss on the grounds that process was not properly served which was never acted upon by the court.
However, on September 12, 1991, the defendants filed an answer alleging three special defenses. On February 28, 1992, the defendants filed revised special defenses. The first special defense alleges a breach of the plaintiff's duty of good faith and fair dealing. The second and third special defenses allege the plaintiff is estopped from foreclosing and seeking a deficiency judgment due to the doctrine of laches.
On September 23, 1992, the plaintiff filed a motion to strike all three special defenses in that they are legally insufficient. On October 20, 1992, the defendants filed an objection to the plaintiff's motion to strike.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of any answer including any special defense contained therein. Practice Book 152(5).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos, supra, 108. "In deciding upon a motion to strike, a trial court must take the facts to be those alleged in the [pleadings], . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990). CT Page 193
The court must construe the defense "in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988). The court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." Zeller v. Mark, 14 Conn. App. 651,654, 542 A.2d 752 (1988). However, where the facts provable under the allegations would not support a defense, then the motion to strike must be granted. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980).
"Defenses available in a foreclosure action are generally limited to payment, discharge, release, satisfaction or invalidity of a lien." Hans L. Levi, Inc. v. Kovacs, 5 CTLR 260, 261, November 14, 1991, Pickett, J.), citing Connecticut Savings Bank v. Reilly,12 Conn. Sup. 327, 329 (Super.Ct. 1944). "However, because foreclosure is equitable, courts have recognized that flexibility is required in certain situations." Id. Equity has permitted allegations of mistake, accident, fraud, equitable estoppel, CUTPA and breach of an implied covenant of good faith and fair dealing to become valid defenses. See Bedford Plaza Ltd. Partnership v. Nakhai, 5 CSCR 468 (June 8, 1990, Flynn, J.); Essex Savings Bank v. Firmberger, Superior Court, Judicial District of New London, Docket No. 51 21 91 (May 1, 1991, Leuba, J.).
First Special Defense
The defendants' first special defense alleges that the plaintiff did not act in a commercially reasonable manner in that it breached its duty of good faith and fair dealing pursuant to General Statutes 42-a-1-203 and the common law. The plaintiff moves to strike the first special defense on the grounds that it is legally insufficient in that General Statutes 42-a-1-201(19) and42a-1-203 do no apply to the instant action.
Connecticut has long recognized the doctrine of good faith and fair dealing in the performance of contractual obligations. Magnan v. Anaconda Industries, Inc., 193 Conn. 538, 567, 479 A.2d 781
(1984). "`Each contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement.'" Warner v. Konover, 210 Conn. 150, 154, 553 A.2d 1138 (1989), quoting Restatement (Second) of Contracts 205.
"The Connecticut courts have specifically recognized an CT Page 194 implied covenant of good faith and fair dealing in a variety of contractual relationships, including leases, insurance contracts, and construction contracts." Sorrillo v. Shotner, 2 CSCR 1095, (October 1, 1987, Leuba, J.), citing Magnan, supra. "There is no logical reason why good faith and fair dealing should be excluded from contractual arrangements involving mortgages;" Id; and therefore, breach of "a covenant of good faith and fair dealing may be asserted in a foreclosure action . . . ." (Citation omitted.) Essex Savings Bank, supra, 3.
The first special defense alleges both a violation of General Statutes 42-1-293 and common law. Because a breach of a duty of good faith and fair dealing based upon common law principles is a valid defense to a foreclosure action, the court need not address the issue of whether General Statutes 42a-1-201(19) and 42a-1-203
apply to the instant set of facts. The first special defense is legally insufficient and the motion to strike is denied as to that defense.
Second and Third Special Defenses
The defendants' second and third special defenses both allege that the plaintiff is estopped from foreclosing on the property and from seeking a deficiency judgment because the defendants offered to convey the property to the plaintiff by deed-in-lieu of foreclosure proceedings. The plaintiff moves to strike the second and third special defenses on the ground that plaintiff's failure to accept an offer of deed-in-lieu of foreclosure is not a valid defense to a foreclosure action.
Even if an offer of a deed-in-lieu of foreclosure is not a valid defense to a foreclosure action, the defendants have also alleged that the plaintiff is estopped from foreclosing and seeking a deficiency judgment based upon the equitable doctrine of laches. "`Laches consists of two elements. "First, there must have been a delay that was inexcusable, and, second, that delay must have prejudicated the defendant."'" (Citations omitted.) Emerick v. Emerick, 28 Conn. App. 794, 803-04, 613 A.2d ___ (1992). "Because a mortgage foreclosure is an equitable proceeding . . . a defendant who is demonstrably prejudiced by a plaintiff's delay in filing a motion for deficiency judgment may invoke the equitable defense of laches." Baybank Connecticut, N.A. v. Thumlent, 222 Conn. 784,791-92, ___ A.2d ___ (1992), citing Mechanics Savings Bank v. Sullivan, 216 Conn. 341, 354, 579 A.2d 1054 (1990); Danaher v. C. N. Flagg Co., 181 Conn. 101, 107, 434 A.2d 944 (1980). CT Page 195
The defendant alleges that there was a delay and that due to the delay there may be a deficiency. The defendants sufficiently allege a defense of laches. Because the equitable doctrine of laches is a valid defense the court need not address the issue of whether an offer of deed-in-lieu of foreclosure is a valid defense to a foreclosure action. The second and third special defenses are legally sufficient, and the motion to strike is denied as to those defenses.
The plaintiff's motion to strike is denied as to all three special defenses.
THE COURT CURRAN, J.