[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
MOTION TO STRIKE (NO. 104)
On July 30, 1992, the plaintiff, the Town of Stratford, commenced this tax foreclosure action against Joseph Sciliano, "the present owner of and trustee for the grand lists of October 1, 1976, through and including October 1, 1990," (hereinafter the "defendant") by filing a sixteen-count complaint. In its complaint, the plaintiff alleges that it duly properly filed, and caused to be recorded in the plaintiff's land records, certificates of lien for the non payment of property taxes, in addition to interest and charges CT Page 6981 thereon, for the tax years of 1976 through 1992. The plaintiff seeks a foreclosure of the tax liens for each of the aforementioned years and possession of the premises.
On December 14, 1992, the defendant filed an answer, seven special defenses and a counterclaim based on a violation of the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA"). On March 8, 1993, the plaintiff filed a motion to strike defendant's first, second, third, fourth, and sixth special defenses together with a memorandum of law in support of its motion. Plaintiff bases its motion on the ground that each of the special defenses is not sufficient to constitute defenses to a tax foreclosure proceeding. The plaintiff also moves to strike the defendant's counterclaim on the ground that the plaintiff is exempt from the cited provisions of CUTPA.
The purpose of the motion to strike "is to test the legal sufficiency of a pleading. Practice Book 1978, 152. . ." (Citation omitted.) Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). Moreover, a motion to strike is properly used to challenge the legal sufficiency of an answer, special defense, or counterclaim. Practice Book "152(5). All well pleaded facts in a contested pleading are deemed admitted for the purposes of a motion to strike, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou,209 Conn. 273, 278, 550 A.2d 1073 (1988). "`The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; and if facts provable under the allegations would support . . . a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.)
Ferryman v. Groton, supra, 142. Therefore, the court must construe the defense or counterclaim "in the manner most favorable to sustaining its legal sufficiency." Bouchard v. Peoples Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991). If the facts provable under the allegations would not support a valid defense, the motion to strike must be granted. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 752 (1988).
SPECIAL DEFENSES
In his first special defense, the defendant claims that I during the time alleged in plaintiff's complaint, the parcel CT Page 6982 was assessed as a single family building lot. In his second special defense, the defendant alleges that although plaintiff has assessed the property as a single family building lot, the municipality has failed to allow the defendant to acquire a building permit. In his third special defense, the defendant contends that "[o]ver a long period of time" he has petitioned the plaintiff's Zoning Board of Appeals for permission to recognize the parcel as a building lot. In his fourth special defense, the defendant maintains that within the last year he has requested that the plaintiff's building department issue a building permit so as to construct a single family residence on the parcel, but the request has been denied. In his sixth special defense, the defendant claims that the plaintiff's refusal to issue a building permit to construct a single family residence is confiscatory in nature and constitutes an unconstitutional taking of the parcel.
There is currently a split of authority among the judges of the Superior Court regarding the scope of available defenses to a foreclosure action. Historically, the defenses available, in a foreclosure action have been limited to payment, discharge, release, satisfaction or invalidity of a lien. Peterson v. Weinstock, 106 Conn. 436, 441, 138 A. 433 (1927). More recently courts have recognized that "because foreclosure is equitable . . . flexibility is required in certain situations." Hans L. Levi, Inc. v. Kovacs, 5 Conn. L. Rptr. 260, 261 (November 4, 1991, Pickett, J.). However, many courts have recognized various equitable defenses such as mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure, and a refusal to agree to a favorable sale to a third party; Citicorp Mortgage, Inc. v. Kerzner, 8 CTLR 229 (January 15, 1993, Curran, J.); Home Savings of America, F.A. v. Chiapetta, 8 CTLR 223 (January 12, 1993, Nigro, J.); Hans L. Levi, Inc. v. Kovacs, supra; Bedford Plaza Ltd. Partnership v. Nakhi, 2 Conn. L. Rptr. 841 (June 8, 1990, Flynn, J.); Essex Savings Bank v. Firmberger, Superior Court, judicial district of New London, Docket No. 512191 (May 1, 1991). None of these defenses are implicated in this matter. This court adopts the rationale that only those equitable defenses which attach the making, validity or enforcement of the note or mortgage should be recognized in a foreclosure action. Citytrust v. Kings Gate Developers,2 Conn. L. Rptr. 639, (October 19, 1990, Lewis, J.) CT Page 6983
In his first special defense, the defendant essentially claims that the plaintiff municipality wrongfully assessed the subject property. Therefore, the first special defense does not attack the validity of the lien. The question of whether a defendant to a municipal tax foreclosure may raise a wrongful assessment claim has been resolved by the Connecticut Supreme Court in Hartford v. Faith Center Inc., 196 Conn. 487, 492-493,493 A.2d 883 (1985). Our courts have held that a taxpayer may not raise a claim of unlawful assessment as a special defense or counterclaim in an action by a municipality to collect taxes. Id.; Town of Voluntown v. Pine Valley Estates, Inc.,6 CSCR 958, 960 (September 23, 1991, Axelrod, J.). Thus the plaintiff's motion to strike the first special defense is granted.
Further all of the remaining challenged special defenses arise out of transactions that have no connection with the making, validity, or enforcement of the lien. The second, third, fourth, and sixth special defenses merely allege that the municipality has not granted building permits to the defendant. These claims do not have anything to do with defendant's obligation to pay property taxes. Thus, plaintiff's motion to strike defendant's second, third, fourth, and sixth special defense is granted.
COUNTERCLAIM
In his counterclaim, the defendant alleges that the plaintiff's conduct of wrongfully assessing defendant's property constitutes a CUTPA violation. The plaintiff moves to strike the counterclaim on the ground that municipal taxing authorities are exempt from CUTPA.
Under General Statutes 42-110(a)(1), as amended by Public Act 76-303, the General Assembly created an exception to CUTPA whereby CUTPA exempts "[t]ransactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state or of the United States." General Statutes 42-110c. In Connelly v. Housing Authority of the City of New Haven, 213 Conn. 354,567 A.2d 1212 (1990) the court held that since a municipal housing authority was subject to pervasive state and federal regulations it was exempt from CUTPA under the plain language of General Statutes 42-110c. Id., 362-63. The court also noted that the Federal Trade Commission Act (hereinafter the CT Page 6984 "FTCA"), the act upon which CUTPA is based, had not been applied to an act of a local public agency. Id., 363-64; see also Stacking Contracting Services, Inc. v. Town of Stratford,5 Conn. L. Rptr. 233 (October 28, 1991, Murray, J.) (CUTPA does not lie against a municipality.); Metropolitan District Commission v. Miller, 6 CSCR 919 (September 25, 1991, Wagner, J.) (CUTPA does not apply to a public agency.); French v. Wallingford Board of Education, 3 Conn. L. Rptr. 59 (December 20, 1990 Berdon, J.) (CUTPA does not apply to municipalities, and therefore has no application to the defendant Board of Education); Chernet v. Wilton, 2 Conn. L. Rptr. 475-76) September 28, 1990, Cioffi, J.).
(No cause of action under CUTPA lies against a municipality for injuries received in a near drowning at a recreational facility operated by the municipality.); Metcalfe v. Ridgefield,5 CSCR 329 (April 27, 1990 Flynn, J.) (CUTPA does not apply to municipalities because the FTCA has not been applied to municipalities.).
Therefore, since our courts have held that CUTPA itself exempts transactions administered by any regulatory board or officer acting under statutory authority of the State or Federal Government and since our courts have held that CUTPA claim is not enforceable against a municipal agency, the defendant's CUTPA claim must fail. Thus the plaintiff's motion to strike the defendant's counterclaim is granted.
Based on the foregoing the plaintiff's motion to strike the first, second, third, fourth, and sixth special defenses are granted. The plaintiff's motion to strike defendant's counterclaim is granted.
LEHENY, JUDGE