[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The substituted plaintiff, First Federal Bank, has filed a one count amended complaint on April 6, 1993, alleging that John M. Zavatsky, Jr. and Beth A. Zavatsky (hereinafter "defendants") are liable to it for the entire amount of principal and interest due on a note executed between the defendants and the original plaintiff, First Constitution Bank. It further alleges that it is the owner and holder of the note as assignee of the First Constitution Bank.
On September 7, 1989, the defendants executed a promissory note payable to the original plaintiff in the sum of $486,500.00. To secure the note, the defendants mortgaged to the original plaintiff (by virtue of a construction loan on the premises) property located on 41 Poverty Hollow Road situated in the Town of Newtown. The note provided for the payment of costs, expenses, and attorney's fees associated with the collection of the note or the foreclosure of the mortgage securing the note.
The defendants defaulted in the monthly payment due May 1, 1991, and all monthly payments due thereafter, and the plaintiff has elected to declare the entire amount of principal and interest due. Despite this demand, the defendants have either neglected or refused to pay. The sum of $469,514.29 is now due and unpaid together with interest, costs of collection and attorney's fees.
The defendants have filed an answer and four special defenses in which they assert that (1) by not advancing any funds so that defendants could complete and then sell a home located on a separate lot on Poverty Hollow Road, the bank breached a fiduciary duty to the defendants to minimize the damages claimed by the bank; (2) based upon the alleged wrongful conduct contained in the first special defense above, the plaintiff breached an implied covenant of good faith and fair dealing; (3) plaintiff seeks foreclosure with unclean hands; and (4) plaintiff failed to comply CT Page 8951 with 12 U.S.C. § 1701 et seq. (requirement that the plaintiff must allegedly give notice to these defendants of the availability of home ownership counseling prior to the commencement of a foreclosure action). The plaintiff has filed a motion to strike the four special defenses asserting legal insufficiency, in that they are not recognized defenses to a foreclosure action.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170. In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 131 (Super.Ct., 1983). The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Mingachos v. CBS, Inc., 196 Conn. 91, 108.
Sec. 164 of the Practice Book provides in relevant part:
 No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements which show, notwithstanding, that he has no cause of action, must be specially alleged.
Connecticut has recognized the following defenses to an action for foreclosure: payment, discharge, release or satisfaction, Connecticut Savings Bank v. Thomas F. Reilly, et al., 12 Conn. Sup. 327; accident, mistake or fraud, Boretz v. Segar, 124 Conn. 320; unconscionability, Hamm v. Taylor, 180 Conn. 491; abandonment of security, Glotzer v. Keyes, 125 Conn. 227; and usury, Atlas Realty Corporation v. House, 120 Conn. 661; Bristol Savings Bank v. Miller's Chevrolet-Isuzu, Inc., Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 51 44 07 (October 19, 1992, Aurigemma, J.).
Other Superior Court decisions have held that special defenses similar to those alleged by the defendant in the instant action are inapplicable to a foreclosure action. For instance, in Bristol Savings Bank. v. Miller's Chevrolet-Isuzu, supra, the plaintiff, in an action to foreclose a mortgage, moved to strike the first two special defenses interposed by the defendant. In that first special defense, the defendants allege that the plaintiff breached the CT Page 8952 covenant to act in good faith by, inter alia, refusing to provide additional financing to the defendants and by refusing to release "excess" collateral which would have permitted the defendants to obtain financing from other sources. In the second, the defendants allege that the conduct described in the first special defense constituted the breach of a fiduciary relationship between the plaintiff and the defendants.
The court in Bristol Savings Bank, citing Sec. 164, stated that the first and second special defenses do not show that the plaintiff has no cause of action. In granting the motion to strike the said defenses, the court held that the defenses do not address the making, validity or enforcement of the note and mortgage which is the subject of the complaint. Rather they allege the nonperformance, breach, and misrepresentation with respect to agreements and dealings between the parties which are separate from the note and mortgage referred to in the complaint. See also Shoreline Bank Trust v. Leninski, Superior Court, Judicial District of New Haven at New Haven, Docket No. 33 55 61 (March 19, 1993, Celotto, J.) (equitable defenses to a foreclosure action are only proper when they attack the note itself, rather than some act by the mortgagor); New England Savings Bank v. High Ridge, Inc., et al., 5 Conn. L. Rptr. 110 (November 10, 1991, Leuba, J.) (the defense of "unclean hands" is inapplicable in a foreclosure action). In its memorandum in support of its motion to strike, the plaintiff argues that since Connecticut has recognized payment, discharge, release or satisfaction as defenses to a foreclosure action, the defenses asserted by the defendants must be stricken.
Conversely, the defendants in their opposition memorandum, argue that since foreclosure is an equitable action, flexibility is required in certain situations. Therefore, the motion to strike should not be granted. When one applies the rule expressed in Sec. 164, the first, second, and third special defenses do not demonstrate that the plaintiff has no cause of action. These so-called defenses do not address the making, the validity or the enforcement of the note and mortgage, but rather address the plaintiff's business judgment in not dispensing further funds. The plaintiff's judgment in not dispensing funds is separate from the execution and possible foreclosure of the note and mortgage referred to in the complaint. It necessarily follows that the motion to strike these defenses should be granted.
The fourth special defense, i.e., the plaintiff being barred and estopped from maintaining the instant foreclosure action (or from CT Page 8953 obtaining the relief requested) because the plaintiff failed to comply with the requirements of 11 U.S.C. § 1701x et seq., is a defense based on the note and is allowable in a foreclosure action. See Shoreline Bank Trust v. Leninski, supra. However, the defendants have not sufficiently pled that they come within the purview of 12 U.S.C. § 1701x et seq.[1] Therefore, the motion to strike the fourth special defense, which may well be valid if properly pleaded, cannot be sustained in this case.
The motion to strike is, accordingly, granted.
Moraghan, J.