[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The facts as alleged in the amended complaint are as follows: The defendant, Michael McMahon, executed a commercial promissory note dated December 21, 1989, whereby the defendant became obligated to pay the United Bank and Trust Company the principal sum of $250,000.00, plus interest. The promissory note was due and payable on June 29, 1990. To secure the note, the defendant mortgaged to United Bank and Trust Company a parcel of land known as 40 Old Route 79, Madison, Connecticut.
Thereafter, the parties entered into a modification agreement, dated July 27, 1990, whereby the maturity date was extended from June 29, 1990 to June 29, 1991. The maturity date was further extended to June 29, 1993 by a modification agreement dated July 26, 1991. The defendant, however, failed to pay installments of principal and interest in accordance with the terms of the note and mortgage, as modified.
As a result of the defendant's failure to make payment, the plaintiff, National Mortgage Co., owner of the note and mortgage,[1]
filed a one-count complaint against the defendant seeking foreclosure of the mortgage on June 28, 1993. On August 6, 1993, the defendant filed an answer and two special defenses alleging breach of the covenant of good faith and fair dealing and unclean hands, respectively.
On September 13, 1993, the plaintiff filed a motion to strike the defendant's special defenses. On September 28, 1993, the defendant filed an objection to the plaintiff's motion to strike. On December 7, 1993, the plaintiff filed an amended motion to strike on the grounds that the special defenses are not valid defenses to a foreclosure action and, in the alternative, even if they are valid defenses, the defendant has failed to allege sufficient facts to support such defenses. On January 13, 1994, the defendant filed an objection to the plaintiff's amended motion to strike.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of any answer including any special defense contained therein. Practice Book 152(5).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions of the truth or accuracy of opinions stated in the pleadings." (Emphasis in original). Mingachos, supra, 108. CT Page 1675 "In deciding upon a motion to strike . . ., a trial court must take the facts to be those alleged in the [pleadings] . . . and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990).
The court must construe the defense "in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988). Where the facts provable under the allegations would support a defense, the motion to strike must be denied. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989).
"There is currently a split of authority among the judges of the Superior Court regarding the scope of available defenses to a foreclosure action. Historically, the defenses available in a foreclosure action have been limited to payment, discharge, release, satisfaction or invalidity of a lien." Connecticut National Bank v. Grella Family Investment Partnership, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 292814 (August 19, 1993, Leheny, J.), citing Petterson v. Weinstock, 106 Conn. 436, 441, 138 A. 433 (1927); Hans L. Levi, Inc. v. Kovacs, 5 Conn. L. Rptr. 260, 261 (November 4, 1991, Pickett, J.). More recently, courts have recognized that "because foreclosure is equitable . . . flexibility is required in certain situations." Hans L. Levi, Inc. v. Kovacs, supra, 261. Therefore, many courts, exercising their equitable powers, have recognized allegations of mistake, accident, fraud, equitable estoppel, CUTPA, breach of the implied covenant of good faith and fair dealing, laches and the refusal to agree to a favorable sale to a third party as valid defenses to a foreclosure action. See Connecticut National Bank v. Grella Family Investments Partnership, supra; Citicorp Mortgage, Inc. v. Kerzner, 8 Conn. L. Rptr. 229 (January 15, 1993, Curran, J.); Home Savings of America, F.A. v. Chiapetta,8 Conn. L. Rptr. 223 (January 12, 1993, Nigro, J.); Essex Savings Bank v. Firmberger, Superior Court, Judicial District of New London, Docket No. 512191 (May 1, 1991, Leuba, J.); Bedford Plaza Ltd. Partnership v. Nakhai, 5 CSCR 468 (June 8, 1990, Flynn, J.).
This court, however, has previously held that equitable defenses are proper only when they attack the making, validity, or enforcement of the note or mortgage, rather than some act or procedure of the mortgagee. Shoreline Bank Trust Co. v. Leninski, 8 Conn. L. Rptr. 522, 525 (March 19, 1993, Celotto, J.), CT Page 1676 citing Olean v. Treglia, 190 Conn. 756, 767, 463 A.2d 242 (1983); Petterson v. Weinstock, supra, 442; Citytrust v. Kings Gate Developers, 2 Conn. L. Rptr. 639 (October 19, 1990, Lewis, J.); Bedford Plaza Ltd. Partnership v. Nakhai, supra. The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. Citytrust v. Kings Gate Developers, supra.
The defendant's first special defense alleges that the plaintiff breached the covenant of good faith and fair dealing in that
 while purporting to engage in workout negotiations with defendant plaintiff instead engaged in a course of harassing, abusive conduct towards plaintiff, denying him any legitimate opportunity to negotiate in good faith and abusing its position as Mortgagee of plaintiff's residence to try to induce plaintiff to pay substantial sums of cash without offering any proper written record regarding the requested cash payment.
(Defendant's First Special Defense, 1). The second special defense incorporates the same allegations and claims that the plaintiff is barred by the doctrine of unclean hands. The defendant asserts that such allegations attack the enforcement of the note and mortgage.
In First Federal Bank, F.S.B. v. Zavatsky, 8 CSCR 1128
(September 24, 1993, Moraghan, J.), the defendants filed two special defenses alleging that the plaintiff bank had breached the implied covenant of good faith and fair dealing by not advancing funds so that the defendants could sell property to avoid foreclosure and that the plaintiff was barred by the doctrine of unclean hands. The court found that such conduct did not "address the making, the validity or the enforcement of the note and mortgage, but rather address[ed] the plaintiff's business judgment. . . ." Id., 1129. The court held that the plaintiff's business judgment "is separate from the execution and possible foreclosure of the note. . ." and granted the plaintiff's motion to strike the special defenses. Id. CT Page 1677
In the present action, the defendant's allegations do not address the making, validity or enforcement of the note and mortgage. Rather, the alleged conduct of the plaintiff addresses the plaintiff's business judgment during workout negotiations. Therefore, the plaintiff's motion to strike the defendant's special defenses is granted.
Celotto, J.