[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The facts as alleged in the complaint are as follows. On January 14, 1993, the plaintiff, Lawall Realty Limited Partnership, obtained a judgment against the defendants, William and Ruth Auwood, in the amount of $27,134.49, plus costs. (See Lawall Realty Ltd. Partnership v. Auwood, Superior Court, Judicial District of New Haven, Docket No. 337008 (January 14, 1993, Mulvey, S.T.R.) ["Lawall Realty I"]). Such judgment, however, has never paid, in whole or in part. No appeal was taken. On January 19, 1993, the plaintiff placed a judgment lien on property owned by the defendants in Waterford, Connecticut.
On June 9, 1993, the plaintiff filed the present action to foreclose on the judgment lien. On July 12, 1993, the defendants filed an answer.
On August 3, 1993, the plaintiff filed a motion to strike the defendants' answer. On September 7, 1993, the defendants filed a CT Page 3319 memorandum of law in opposition to the plaintiff's motion to strike. In addition, the defendants filed an amended answer. The amended answer provided that the allegations of the answer dated September 7, 1993 are "to be used as special defenses." ("Defendants' Supplemental Answer to Plaintiff's Complaint) Although the defendants had filed an amended answer, the court, granted the plaintiff's motion to strike the defendants' answer of July 12, 1993 on January 10, 1994.
On October 6, 1993, the plaintiff filed a motion for summary judgment as to liability only. In support of its motion for summary judgment, the plaintiff submitted a memorandum of law, an affidavit of Lina Lawall, notice of entry of judgment in the prior action, a copy of the request for payment of the judgment, a copy of the original judgment lien. On December 20, 1993, the defendants filed an objection to the plaintiff's motion for summary judgment, along with copies of briefs filed in the Federal District Court at New Haven in the matter of Liberty Theatre Corporation.
"`Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Scrapchansky v. Plainfield, 226 Conn. 446, 450, 627 A.2d 1329
(1993), quoting Practice Book 384. "In ruling on a motion for summary judgment the court's function is not to decide issues of material fact, but rather, to determine whether any such issues exist." Cortes v. Cotton, 31 Conn. App. 569, 575, 626 A.2d 1306
(1993).
"`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.'" Johnson v. Meehan, 225 Conn. 528, 535,626 A.2d 244 (1993), quoting Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" (Citation omitted.) Cortes v. Cotton, supra, 573.
The plaintiff moves for summary judgment on its judgment lien. "A judgment lien is `a sort of statutory mortgage, . . . a perfected and permanent lien unconditional in its nature, unlimited as to time, and subject to no further regulations except as to redemption and foreclosure.'" (Citations omitted.) CT Page 3320 Vaccaro v. Snyder, 3 Conn. L. Rptr. 339, 340 (March 15, 1991, Burns, J.). In support of its motion for summary judgment, the plaintiff submitted a copy of the judgment lien and a copy of the entry of judgment in the matter of Lawall Realty I.
"`Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 673 A.2d 699 (1990). The only evidence the defendants presented in opposition was copies of briefs filed in the Federal District Court at New Haven in matter of Liberty Theatre Corporation, with some make shift attempt to make it into an "affidavit" to comply with our rules. These documents even construed liberally because of the pro se status of the defendants, do not demonstrate the existence of a disputed factual issue properly raised in this case.
In addition, the defendants have alleged several special defenses. "There is currently a split of authority among the judges of the Superior Court regarding the scope of available defenses to a foreclosure action. Historically, the defenses available in a foreclosure action have been limited to payment, discharge, release, satisfaction or invalidity of a lien." Connecticut National Bank v. Grella Family Investment Partnership, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 292814 (August 19, 1993, Leheny, J.), citing Petterson v. Weinstock, 106 Conn. 436, 441, 138 A. 443
(1927); Hans L. Levi, Inc. v. Kovacs, 5 Conn. L. Rptr. 260, 261 (November 4, 1991, Pickett, J.). Courts have recognized that "because foreclosure is equitable . . . flexibility is required in certain situations." Hans L. Levi, Inc. v. Kovacs, supra, 261. Therefore, many courts, exercising their equitable powers, have recognized allegations of mistake, accident, fraud, equitable estoppel, CUTPA, breach of the implied covenant of good faith and fair dealing, laches and the refusal to agree to a favorable sale to a third party as valid defenses to a foreclosure action. See Connecticut National Bank v. Grella Family Investments Partnership, supra; Citicorp Mortgage, Inc. v. Kerzner,8 Conn. L. Rptr. 229 (January 15, 1993, Curran, J.); Home Savings of America, F.A. v. Chiapetta, 8 Conn. L. Rptr. 223 (January 12, 1993, Nigro, J.); Essex Savings Bank v. Frimberger, Superior Court, Judicial District of New London, Docket No. 512191 (May 1, 1991, Leuba, J.); Bedford Plaza Ltd. Partnership v. Nakhai,5 CSCR 468 (June 8, 1990, Flynn, J.). CT Page 3321
More recently, courts have held that equitable defenses are proper only when they attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder. See Petterson v. Weinstock, supra, 442; First Federal Bank v. Zavatsky, 8 CSCR 1128, 1129 (September 24, 1993, Moraghan, J.); Stratford v. Siciliano, 8 CSCR 924, 925 (August 5, 1993, Leheny, J.); Polverari v. Sugar Hollow Park, Inc., Superior Court, Judicial District of Danbury, Docket No. 312233 (June 16, 1993, Moraghan, J.); Bristol Savings Bank v. Miller's Chevrolet-Isuzu, Inc., Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 514407 (June 1, 1993, Aurigemma, J.); Shoreline Bank Trust Co. v. Leninski, 8 Conn. L. Rptr. 522, 525 (March 19, 1993, Celotto, J.); Citytrust v. Kings Gate Developers, 2 Conn. L. Rptr. 639 (October 19, 1990, Lewis, J.); Bedford Plaza Ltd. Partnership v. Nakhai, supra. The rationale behind this view is the counterclaims and special defenses which are not limited to the making, validity or enforcement of the lien fail to assert any connection with the subject of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. Citytrust v. Kings Gate Developers, supra. This court will adopt the rationale that only those equitable defenses which attack the making, validity or enforcement of the lien should be recognized in a foreclosure action. No appeal was taken from the New Haven judgment, and special defenses here should not be used or permitted for that purpose.
None of the defendants' special defenses attack the validity of the judgment lien. It is, therefore, held that none of the special defenses provide the defendant with a defense to the foreclosure of the judgment lien. Accordingly, for both of the above reasons the plaintiff's motion for summary judgment is granted.
Leuba, J.