[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 2894
The plaintiff New South Federal Savings Bank, (Bank) filed this action against the defendants Charles and Helen Gabriel, seeking foreclosure of a mortgage owned by the plaintiff on the defendants' residence. The plaintiff alleges that no payment has been made under the terms of the note secured by the mortgage, that a proper demand for payment was made, and that the note is in default. The plaintiff prays for a judgment of strict of foreclosure on the mortgaged property and a deficiency judgment.
The defendant Charles Gabriel (Gabriel) filed an answer with two special defenses. The plaintiff has filed a motion to strike the special defenses on the ground that the defenses do not constitute legally cognizable defenses to a foreclosure action.
 I.
First Special Defense
A motion to strike properly challenges the legal sufficiency of a special defense. Practice Book § 152(5); seeRobarge v. Patriot General Insurance Co., 5 Conn. L. Rptr. 323
(December 4, 1991, Walsh, J.). In ruling on a motion to strike, the court must construe all facts well pleaded in a manner most favorable to the nonmovant. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). A pleading will survive a motion to strike where it contains all the necessary elements of a cause of action or defense. SeeD'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 218-19, 520 A.2d 217 (1987). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 164."Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992). In foreclosure actions, special defenses are generally limited to defenses bearing on the making, validity or enforcement of the note or mortgage. Citytrust v. Kings Gate Developers,2 Conn. L. Rptr. 638 (October 19, 1990, Lewis, J.); see alsoConnecticut National Bank v. Olson, 9 Conn. L. Rptr. 483 (August 30, 1993, Pellegrino, J.). CT Page 2895
 "However, because foreclosure is equitable, courts have recognized that flexibility is required in certain situations." . . . Equity has permitted allegations of mistake, accident, fraud, equitable estoppel, CUTPA and breach of an implied covenant of good faith and fair dealing to become valid defenses. See Bedford Plaza Ltd. Partnership v. Nakhai, 5 CSCR 468 (June 8, 1990, Flynn, J.); Essex Savings Bank v. Firmberger, Superior Court, Judicial District of New London, Docket No. 51 21 91 (May 1, 1991, Leuba, J.).
(Citations omitted.) Citicorp Mortgage, Inc. v. Kerzner,8 Conn. L. Rptr. 229 (January 15, 1993, Curran, J.); see alsoCenter Bank v. Motor Inn Associates, 9 Conn. L. Rptr. 505
(September 13, 1993, Thompson, J.); Connecticut National Bank v.Olson, supra, 9 Conn. L. Rptr. 483.
In Gabriel's first special defense, he alleges that he inquired whether the plaintiff would initiate foreclosure if he stopped making the mortgage payments in order to work out a deed in lieu of foreclosure with the second mortgagee. The defendant alleges that the plaintiff represented it would not initiate foreclosure because there was enough equity in the property to protect its interest. The defendant alleges he stopped paying the payments on the plaintiff's mortgage in reliance on those representations, and that the plaintiff should therefore be equitably estopped from foreclosing the mortgage.
 Successful assertion of the doctrine of equitable estoppel requires proof of two elements: (1) a statement or action by the party against whom estoppel is claimed designed to induce reliance on that statement or action; and (2) a changed position by the second party in reliance on the act or statement of the first that results in loss or injury to the second party. . . . For estoppel to exist, there must be misleading conduct resulting in prejudice to the other party.
(Citations omitted; internal quotation marks omitted.)Rosenfield v. Metals Selling Corp., 229 Conn. 771, 793-94, ___ A.2d ___ (1994). Here the plaintiff has not alleged that he was prejudiced by the plaintiff's representations. He has not alleged that he was led thereby to change his conduct to his prejudice, injury or for the worse. Bozzi v. Bozzi, 177 Conn. 232, CT Page 2896 241. He rather only alleges he acted to withhold payments to the bank and thus to his benefit. Accordingly, plaintiff's motion to strike the first special defense should be and is granted.
 II.
Second Special Defense
In the second special defense, the defendant alleges that the terms of the mortgage entitled the defendant to notice of default, notice of how to cure, and thirty days to cure the default. The defendant alleges that the plaintiff failed to give notice of how to cure and failed to provide the defendant with thirty days to cure the default. Therefore, the defendant alleges that the plaintiff materially breached the terms of the note and is not entitled to foreclose.
The plaintiff argues that this special defense is legally insufficient because the mortgage rider, which is attached to the complaint as Exhibit B, expressly states that notice of default is not required, notwithstanding any provision in the terms of the note or mortgage to the contrary. The plaintiff also asserts that, contrary to the allegations of the defendant's second special defense, the plaintiff did provide to the defendant the proper notice and instructions to cure. The plaintiff attached to his motion to strike a copy of the notice the plaintiff allegedly sent to the defendant.
The plaintiff has not raised the issue of the legal sufficiency of the second special defense, but rather raises the issue of the construction of the mortgage document, which will necessarily entail a factual determination. "The interpretation of a contract is generally a question of fact. Gurliacci v.Mayer, 218 Conn. 531, 567, 590 A.2d 914 (1991); Sagamore Group,Inc. v. Commissioner of Transportation, 29 Conn. App. 292, 298,614 A.2d 1255 (1992)." Metropolitan District Comm. v. AFSCME,Council 4, 35 Conn. App. 804, 810, ___ A.2d ___ (1994). The plaintiff has also attached exhibits to address the factual issue whether the defendant received the proper notice. A motion to strike "may not contain affirmative factual assertions which could only be proven by evidence"; State v. Bashura,37 Conn. Sup. 745, 748, 435 A.2d 1035 (1981 App. Sess.); or that "are extraneous to the pleadings attacked." Doyle v. A PRealty Corp., 36 Conn. Sup. 126, 127, 414 A.2d 204 (1980, Conway CT Page 2897 J,). This again raises a factual issue for the trier which may not be raised by a motion to strike. Accordingly, the plaintiff's motion to strike the second special defense is denied.
McDONALD, J.